Louis B. Heller, J.
In this action for goods sold and delivered plaintiff moves for an order precluding the defendant for its failure to serve a bill of particulars in accordance with its demand as well as an examination before trial of the defendant.
As no motion to vacate or modify was made by the defendant the failure to do so establishes the validity of the items. Preclusion can no longer be resisted by raising questions as to the validity or propriety of any of the items (Helfant v. Rappoport, 14 A D 2d 764) unless palpably improper (Coin v. Lebenhoff, 10 A D 2d916).
While the defendant served a bill of particulars as soon as it was served with the motion papers the court finds that it is not responsive to the demand. Accordingly the motion to preclude is granted as to items 1, 2, 3 and 4 and denied as to the remainder. If the defendant does not have the information available it shall so state under oath and furnish the same 30 days prior to the trial.
Bill of particulars to be served in compliance herewith within 20 days after the service of an order to be entered herein with notice of entry.
As to the application to examine defendant before trial the court finds that the plaintiff has failed to set forth the item or items upon which it seeks to examine the defendant. Bather than compel the plaintiff to redraw its papers and serve new motion papers and again imposing on the court’s time, the motion is granted in accordance with the language set forth in rule 121-a of the Buies of Civil Practice.
Defendant is to be examined by its officers or agents Norman Bauch and Leonard Davis and to produce such books, records and memoranda material and necessary to the examination as granted and in accordance with section 296 of the Civil Practice Act.